COVINGTON MILLS et al., Plaintiffs,

v.

James P. MITCHELL, Secretary of
Labor, Defendant.

Civ. Nos. 259-53, 614-53.

United States District Court,
District of Columbia.

April 4, 1955.

Llewellyn Thomas, Washington, D. C., and Whiteford Blakeney, Charlotte, N. C., for plaintiffs.

Edward H. Hickey, Dept. of Justice, and Stuart Rothman, Sol., Dept. of Labor, Washington, D. C., for defendant Secretary of Labor.

David E. Feller, Washington, D. C., for defendant Textile Workers of America.

Warren F. Farr, Boston, Mass., for defendant National Association of Cotton Manufacturers.

HOLTZOFF, District Judge.

This case comes before the Court on cross motions for summary judgment. The action is brought for a declaratory judgment to adjudicate an order by the Secretary of Labor to be invalid as in contravention of the statute pursuant to which it was promulgated.

The order in question fixed a minimum wage for persons employed in certain branches of the textile industry in connection with Government contracts. This was done pursuant to the Walsh-Healey Public Contracts Act. The pre-

vailing wage as determined by the order in question, promulgated on December 5, 1952, was to be the same throughout the United States.

The Walsh-Healey Act, pursuant to which this order was promulgated, 41 U.S.C.A. § 35 et seq. relates to Government contracts for the manufacture or furnishing of materials, supplies, articles and equipment in any amount exceeding $10,000. One of the provisions of the Act is that there shall be included in each contract a representation and stipulation that all persons employed by the contractor in its performance will be paid not less than the minimum wages as determined by the Secretary of Labor to be the prevailing minimum wages for persons employed on similar work or in the particular or similar industries or groups of industries currently operating in the locality in which the materials, supplies, articles, or equipment are to be manufactured or furnished under said contract.

■ It is contended by the plaintiffs that under this provision the Secretary of Labor is without power to fix a single prevailing minimum wage for a particular industry on a nation-wide basis. To determine whether this objection is sound it is necessary to analyze the pertinent phraseology of the Act. The Secretary of Labor is directed to determine the prevailing minimum wages for persons employed on similar work, or persons employed in the particular or similar industries, or persons employed in groups of industries. In other words, he may act under any one of these three provisions. These provisions are followed by the clause, "currently operating in the locality in which the materials, supplies, articles, or equipment are to be manufactured or furnished under said contract".

It is contended by the defendants that the words "currently operating in the locality" are limited only to the last of the three alternatives, namely, persons employed in similar groups of industries. On the other hand, the plaintiffs claim, contrary to the contention of the Secretary, that those words relate back to all of the three clauses. There is some ambiguity in the statute. It is difficult to construe it according to strict grammatical requirements. The words "currently operating" seem inapplicable to the noun "work" or to the noun "industries". It is, perhaps, an unfortunate choice of words, but it seems to the Court that the phrase "currently operating" may not be construed as being limited solely to the last of the alternatives but relates back to each of them, namely, persons employed on similar work currently operating in the locality, or, persons employed in the particular or similar industries currently operating in the locality, or persons employed in similar groups of industries operating in the locality. This is the interpretation, in the opinion of this Court, which should be accorded to those words.

In this connection, the Court wishes to call attention to the fact that when the construction of this provision was first raised in litigation in Lukens Steel Co. v. Perkins, 70 App.D.C. 354, 107 F.2d 627, 630, the point now made by counsel for the Secretary of Labor was not advanced, but it seemed to be assumed that the words " 'currently operating in the locality' " were applicable to and limited each of the three alternatives. Apparently the present construction sought to be applied by counsel for the Secretary of Labor is more or less of an afterthought.

■ Since the phrase "currently operating in the locality" applies to each of the three alternatives, the next question to be determined is whether the entire United States of America can be considered as a single locality in the discretion of the Secretary. To be sure, the word, "locality" is an indefinite term. It may mean a single community. It may mean a county. It may mean a region. A considerable degree of discretion is vested in the Secretary to determine what shall constitute a "locality" for any particular purpose. So long as

the construction placed by the Secretary is reasonable, the Court may not set it aside. May it be said, within reason, that the entire United States of America may be regarded as a single "locality"? It seems to the Court that to attach this interpretation to this term would be to place a tortured interpretation and attach a distorted meaning to a simple English word.

Such a type of interpretation and construction of words was satirized by a great English satirist in the well-known book "Through the Looking Glass". This book records a dialogue between Alice and Humpty Dumpty and says:

"'When I use a word,' Humpty Dumpty said, in rather a scornful tone, 'it means just what I choose it to mean—neither more nor less.'

"'The question is,' said Alice, 'whether you can make words mean so many different things.'

"'The question is,' said Humpty Dumpty, 'which is to be master—that's all.'"

The Court is not going to place its seal of approval upon that type of construction of plain English words. The Court is of the opinion that under no circumstances is it reasonable to construe the word "locality" as applicable to the entire United States of America and calling the entire country a single "locality".

The Court is especially impelled to this conclusion by the opinion of the Court of Appeals for the District of Columbia Circuit in Lukens Steel Co. v. Perkins, 70 App.D.C. 354, 107 F.2d 627. That case involved the validity of an order under this statute, which fixed wages in the steel industry at a single figure for an area of about fourteen states and the District of Columbia and referred to them as a "locality". In an opinion written by Mr. Justice Justin Miller, in which Mr. Justice Vinson, then a member of that court, concurred, it was very cogently and persuasively held that the word "locality" may not be used to describe a broad area consisting of fourteen states and the District of Columbia. On this point the court made the follow-ing observations, 107 F.2d at pages 630, 631:

"It is true that the word *locality* is one of somewhat indefinite meaning. Still, its indefiniteness has certain well recognized limits in common meaning and usage, which exclude and forbid the interpretation placed upon the word by the appellees in their determination."

And again the court stated:

"In ordinary and common usage *locality* is synonymous in meaning with such words as *place, vicinity, neighborhood and community*. These words, also, are too indefinite to be used for purposes of exact measurement in terms of acres or square miles. But neither they nor *locality* itself, in any case, connote large geographical areas, with widely diverse interests, such as the fourteen states and the District of Columbia, grouped in the protested determination." (Emphasis original.)

A *fortiori*, if fourteen states is too large an area to be deemed a single locality, it necessarily follows that the United States of America is much too large an area to be so considered.

In that case Mr. Justice Edgerton dissented. He did not disagree with the interpretation by the majority of the word "locality", but reached the conclusion that the plaintiffs had no standing to sue and for that reason and that reason alone felt that the bill of complaint should be dismissed. The Supreme Court reversed the determination of the Court of Appeals, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108. The Supreme Court, however, did not discuss the views of the majority of the Court of Appeals as to what is meant by "locality", but merely held that the complaint should be dismissed on the ground that the plaintiffs had no standing to sue. This procedural obstacle was later overcome by the so-called "Fulbright Amendment", which permits judicial review of the determinations of the Secretary of Labor under the Walsh-Healey Act pursuant to the

provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.[1]

The Court is impressed with arguments made by counsel as to the administrative difficulty that would be created if the Secretary of Labor were not to be permitted to make nation wide determinations under the Walsh-Healey Act. The Court is further impressed with the argument that it is desirable from a social and economic standpoint in some instances to fix the rate of prevailing wages on a nation wide basis. The Court expresses no opinion on these points because they are not for the judiciary to determine. These arguments should be addressed to the Congress, because they relate to policy and expediency and not to the interpretation and the meaning of what the Congress has already enacted.

Accordingly, the Court will hold that for the reasons stated the order of the Secretary of Labor here involved is invalid as in contravention of the statute, and will deny defendants' motion for summary judgment and grant the plaintiffs' cross motion for the same relief.

1.   41 U.S.C.A. § 43a, added June 30, 1952, 66 Stat. 308.